UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAYLA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-CV-00156PLC |
| v. ) | |
| ) | |
| ST. LOUIS BOARD OF ) | |
| POLICE COMMISSIONERS, et al.,) | |
| ) | |
| Defendants. ) | |

## **DEFENDANT O'TOOLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lawrence O'Toole ("Defendant"), by and through counsel, and for his Answer to Plaintiff's First Amended Complaint, states as follows.

1. Defendant neither admits nor denies the allegations contained in paragraph 1 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

3. Defendant neither admits nor denies the allegations contained in the first sentence of paragraph 3 as they constitute the legal conclusions of

1

Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in the first sentence of paragraph 3. Defendant denies the remaining allegations contained in 3.

4.   Defendant neither admits nor denies the allegations contained in paragraph 4 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 4.

5.   Defendant admits that Defendant Hawkins has been employed by the St. Louis Metropolitan Police Department from 2012 to the present. Defendant neither admits nor denies the remaining allegations contained in paragraph 5 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in paragraph 5.

6.   Defendant admits that Defendant Swinton has been employed by the St. Louis Metropolitan Police Department from 2012 to the present. Defendant neither admits nor denies the remaining allegations contained in paragraph 6 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in paragraph 6.

7.   Defendant admits that he has been employed by the St. Louis Metropolitan Police Department from 2012 to the present. Defendant neither

admits nor denies the remaining allegations contained in paragraph 7 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in paragraph 7.

8.  Defendant admits that Defendant Dotson has been employed by the St. Louis Metropolitan Police Department from 2012 to the present. Defendant neither admits nor denies the remaining allegations contained in paragraph 8 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the remaining allegations contained in paragraph 8.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, denies the same.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant neither admits nor denies the allegations contained in paragraph 11 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 11.

12. Defendant repleads and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1 through 11 of Plaintiff's First Amended Complaint.

13. Defendant neither admits nor denies the allegations contained in paragraph 13 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 13.

14. Defendant neither admits nor denies the allegations contained in paragraph 14 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 14.

15. Defendant repleads and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1 through 14 of Plaintiff's First Amended Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, therefore, denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, therefore, denies the same.

19. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 19 and, therefore, denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, therefore, denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and, therefore, denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, denies the same.

26. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 26 and, therefore, denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and, therefore, denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and, therefore, denies the same.

33. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 33 and, therefore, denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and, therefore, denies the same.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and, therefore, denies the same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and, therefore, denies the same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and, therefore, denies the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and, therefore, denies the same.

40. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 40 and, therefore, denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and, therefore, denies the same.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and, therefore, denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and, therefore, denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and, therefore, denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and, therefore, denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and, therefore, denies the same.

47. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 47 and, therefore, denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and, therefore, denies the same.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 and, therefore, denies the same.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 and, therefore, denies the same.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 and, therefore, denies the same.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, denies the same.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, denies the same.

54. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 54 and, therefore, denies the same.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 and, therefore, denies the same.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and, therefore, denies the same.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and, therefore, denies the same.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 and, therefore, denies the same.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and, therefore, denies the same.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and, therefore, denies the same.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 and, therefore, denies the same.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 and, therefore, denies the same.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 and, therefore, denies the same.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 and, therefore, denies the same.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 and, therefore, denies the same.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 and, therefore, denies the same.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 and, therefore, denies the same.

75. Defendant denies the allegations contained in paragraph 75.

76. Defendant denies he violated any of Plaintiff's constitutional rights. Defendant is without knowledge or information sufficient to form belief as to the truth of the remaining allegations contained in paragraph 76 and, therefore, denies the same.

77. Defendant denies the allegations contained in paragraph 77.

## COUNT I

Defendant makes no response to Count I as it does not appear directed to Defendant.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Count I.

## COUNT II

Defendant makes no response to Count II as it does not appear directed to Defendant.  To the extent that a response is deemed necessary, Defendant denies the allegations contained in Count II.

## COUNT III

Defendant makes no response to Count III as it does not appear directed to Defendant. To the extent that a response is deemed necessary, Defendant denies the allegations contained in Count III.

## COUNT IV

101. Defendant repleads and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1 through 100 of Plaintiff's First Amended Complaint.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 and, therefore, denies the same.

103. Defendant neither admits nor denies the allegations contained in paragraph 103 as they constitute the legal conclusions of Plaintiff. To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 103.

104. Defendant denies that the training policies of any of the referenced Defendants were not adequate to train police officers to handle the usual and recurring situations with which they must deal. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 104 and, therefore, denies

13

the same.

105. Defendant denies the allegations contained in paragraph 105.

106. Defendant denies the allegations contained in paragraph 106.

107. Defendant denies the allegations contained in paragraph 107.

108. Defendant denies the allegations contained in paragraph 108.

109. Defendant denies the allegations contained in paragraph 109.

110. Defendant denies he violated any of Plaintiff's constitutional rights. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 110 and, therefore, denies the same.

111. Defendant neither admits nor denies the allegations contained in paragraph 111 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 111.

112. Defendant neither admits nor denies the allegations contained in paragraph 112 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 112.

113. Defendant neither admits nor denies the allegations beginning with the word "Defendants" and concluding with the term "rights" contained in paragraph 113 as they constitute the legal conclusions of Plaintiff.  To the

14

extent that further response is deemed necessary, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 113 and, therefore, denies the same.

114. Defendant denies the allegations contained in paragraph 114.

WHEREFORE, Defendant Lawrence O'Toole, having fully answered the allegations contained in Count IV of Plaintiff's First Amended Complaint, requests that the Court dismiss Count IV with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## COUNT V

115. Defendant repleads and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1 through 114 of Plaintiff's First Amended Complaint.

116. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 and, therefore, denies the same.

117. Defendant denies the allegations contained in paragraph 117.

118. Defendant denies that the any improper supervision was provided to the referenced subordinates. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 118 and, therefore, denies the same.

119.   Defendant denies the allegations contained in paragraph 119.

120.   Defendant denies the allegations contained in paragraph 120.

121.   Defendant denies the allegations contained in paragraph 121.

122.   Defendant neither admits nor denies the allegations contained in paragraph 122 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 122.

123.   Defendant denies the allegations contained in paragraph 123.

124.   Defendant denies the allegations contained in paragraph 124.

125.   Defendant neither admits nor denies the allegations contained in paragraph 125 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 125.

126.   Defendant denies the allegations contained in paragraph 126.

WHEREFORE, Defendant Lawrence O'Toole, having fully answered the allegations contained in Count V of Plaintiff's First Amended Complaint, requests that the Court dismiss Count V with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

## COUNT VI

127. Defendant repleads and incorporates by reference, as if fully set forth herein, his answers to paragraphs 1 through 126 of Plaintiff's First Amended Complaint.

128. Defendant denies the allegations contained in paragraph 128.

129. Defendant denies the allegations contained in paragraph 129.

130. Defendant denies the allegations contained in paragraph 130.

131. Defendant denies the allegations contained in paragraph 131.

132. Defendant denies the allegations contained in paragraph 132.

133. Defendant neither admits nor denies the allegations contained in paragraph 133 as they constitute the legal conclusions of Plaintiff.  To the extent that further response is deemed necessary, Defendant denies the allegations contained in paragraph 133.

134. Defendant denies the allegations contained in paragraph 134.

135. Defendant denies the allegations contained in paragraph 135.

136. Defendant denies that he violated any of Plaintiff's constitutional rights. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 136 and, therefore, denies the same.

137. Defendant denies the allegations contained in paragraph 137.

WHEREFORE, Defendant Lawrence O'Toole, having fully answered the allegations contained in Count VI of Plaintiff's First Amended Complaint, requests that the Court dismiss Count VI with prejudice, assess costs against Plaintiff, and grant such other relief as this Court deems just and proper.

### Affirmative Defenses

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

For further answer, and as an affirmative defense, Defendant states that he is entitled to qualified immunity for all claims because any and all actions taken by him in regard to Plaintiff were done under the reasonable and good faith belief that said actions were constitutional.

### Third Affirmative Defense

For further answer, and as an affirmative defense, to the extent that Plaintiff has sued Defendants based upon their supervisory positions, *respondeat superior* is not a basis of liability under 42 U.S.C. § 1983 and/or state law.

### Fourth Affirmative Defense

Defendant incorporates by reference each and every additional affirmative defense which may be uncovered or made known during the

18

investigation and discovery in this case. Defendant specifically reserves the right to amend their answer to include affirmative defenses at the time they are discovered.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

*/s/Robert J. Isaacson*
Robert J. Isaacson, #38361MO
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188
(314) 340-7861 (Telephone)
(314) 340-7029 (Facsimile)
*Attorney for Defendants Hawkins, Swinton, O'Toole and Dotson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Jeremy D. Hollingshead
HOLLINGSHEAD, PAULUS, ECCHER & FRY
7777 Bonhomme Ave Suite 2401
St. Louis MO 63105

J. Brent Dulle
ST. LOUIS CITY COUNSELOR'S OFFICE
1200 Market Street Room 314
St. Louis MO 63103

*/s/Robert J. Isaacson*
Assistant Attorney General