# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAYLA ROBINSON,            ) | |
| )                            | |
| Plaintiff,       ) | |
| )                            | Case No. 4:17cv00156 PLC |
| v.                         ) | |
| )                            | |
| CITY OF ST. LOUIS, et al., ) | |
| )                            | |
| Defendants.      ) | |

## MEMORANDUM AND ORDER

This matter is before the Court after a final pretrial conference held in chambers with counsel for both parties (Jeremy Hollingshead and Thomas Applewhite for Plaintiff Kayla Robinson, as well as Robert Isaacson for the sole remaining Defendant, Angela Hawkins) on Thursday, February 20, 2020.  This case is set for jury trial on Plaintiff's claim under 42 U.S.C. § 1983 against Defendant, in her individual capacity, that on October 19, 2012, Defendant, an officer with the St. Louis Metropolitan Police Department ("SLMPD"), subjected Plaintiff to an unreasonable strip or body cavity search in violation of the Fourth Amendment.

The Court discussed the parties' pretrial materials in the order set forth in the Order Relating to Trial [ECF No. 25 at 2-4]:

1. **Stipulation**.

The parties neither requested nor suggested any change to their stipulation of facts [ECF No. 117].  The parties stipulated, in relevant part, that Defendant acted under color of state law with respect to the incident at issue in this case.  Id. para. 4.  Therefore, no evidence regarding the "under color of state law" element of Plaintiff's claim is necessary, and the Court need not instruct the jury regarding that element.

2. **Witnesses**.

Counsel advised the Court of the identity of each of the witnesses they listed in their pretrial materials and the status of their intention to call those witnesses. After considering the parties' positions, the Court advised counsel of its position on the parties' ability to present the witnesses during trial.

(A) Witnesses listed by Plaintiff [ECF No. 121]:  Plaintiff will testify at trial. Plaintiff may present the testimony of Defendant and of SLMPD Officer Kelli Swinton, who was one of the officers who arrived at the scene after the search and drove Plaintiff to the police station, as well as the officer who wrote the police report about this incident. If Plaintiff presents Defendant as a witness, Defendant's counsel may seek permission to question Defendant through direct, rather than cross, examination, which the Court usually allows. Plaintiff may also call as witnesses: Ronnell Jenkins, the driver of the vehicle in which Plaintiff was a passenger, and Richard Jones, another passenger in that vehicle. At this time, Plaintiff does not plan to present SLMPD Officer Michael Betz, who was Officer Swinton's partner on other occasions but not at the time of the incident at issue in this case. Counsel also discussed witness Joseph Spiess, the driver of the patrol car that stopped the vehicle in which Plaintiff was a passenger. Plaintiff is not certain if she will call Spiess and Defendant does not intend to call him as a witness at trial.[1] Plaintiff is not presenting Sean McCarthy and William Werner, who were the training officer and the policy officer, respectively, for the SLMPD during the relevant time. Plaintiff intends to present the testimony of Robert Singh and Kenneth Lammert, the supervisor or watch commander at the SLMPD at the time of the incident, only in rebuttal, or, with respect to Lammert, for

---

[1] Plaintiff attempted to serve Spiess with a trial subpoena but was unsuccessful.

impeachment purposes. Finally, Plaintiff may present the testimony of two other listed SLMPD Officers: (1) Mark McMurry, who at Defendant's request brought latex gloves to Defendant at the scene, and reportedly stood nearby during the search, and (2) Michael Strong, who with Officer Swinton, appeared at the scene after the search and transported Plaintiff to the police station. Defense counsel plans to cross-examine Officer McMurry if Plaintiff presents him as a witness.

(B) <u>Witnesses listed by Defendant [ECF No. 128]</u>: Defendant listed Defendant as a "will call" witness and nine of the witnesses listed by Plaintiff as "may call witnesses" (specifically, Detective Betz, Sergeant McMurry, Lieutenant Lammert, Officer Spiess, Lieutenant Koeln, Detective Strong, Detective Singh, Plaintiff, and Detective Swinton). During the conference, Defendant's counsel stated he (1) would call Defendant or would not cross-examine Defendant if Plaintiff calls her as a witness and would call Sergeant McMurry or would cross-examine McMurry if Plaintiff calls him as a witness, and (2) it is "highly unlikely" he would call the other listed witnesses.

3. **Exhibits**.

Counsel described for the Court each of the exhibits they listed in their pretrial materials and their reason(s) for introducing those exhibits. After considering the parties' positions on the exhibits, the Court advised the parties of its position on the admissibility of each exhibit. The Court declined to resolve the admissibility of certain exhibits related to Plaintiff's complaint that led to an Internal Affairs Division ("IAD") investigation by the SLMPD and directed the parties to further address their positions and supporting authority for the admissibility of the listed IAD materials, specifically Plaintiff's Exhibits 2, 6, 16, 20 and 21, in light of the claim remaining for trial. The Court resolved the admissibility of other IAD-related exhibits during the conference: (1) Exhibits 17 through 19, 58 through 61, 67, and 68 may be used for impeachment only, and (2)

Exhibits 22, 23, and 27, which are copies of correspondence within the SLMPD regarding the investigation of Plaintiff's complaint, are irrelevant and inadmissible.

(A) <u>Other exhibits listed by Plaintiff [ECF No. 120]</u>: Plaintiff provided copies of many of her listed exhibits during the conference. Exhibit 1, a state statute regarding strip searches, is not relevant based on the factors in the United States Supreme Court decision in <u>Bell v. Wolfish</u>, 441 U.S. 520, 559 (1979), and its progeny. Exhibits 3 through 5, as well as 7 through 9, are SLMPD policies that are not relevant to an unreasonable search claim against an individual police officer, sued in her individual capacity, for her execution of a search of Plaintiff. Exhibits 10 through 12, which are pleadings in this case (Plaintiff's first amended complaint, Defendant Hawkins' answer, and Officer Swinton's answer, respectively) are not relevant except to the extent Plaintiff's remaining allegations and Defendant's response to those allegations may be discussed during trial. Defendant did not object to Plaintiff's Exhibits 13 through 15. Defendant does not object to (1) Exhibit 24, Defendant's answers to certain questions in her application for employment with the SLMPD; (2) Exhibit 25, an "occupied car check" regarding the criminal history of the persons in the car in which Plaintiff was a passenger; and (3) Exhibit 33, Officer Swinton's answers to certain questions in her application for employment with SLMPD, for impeachment purposes. Exhibit 26, Defendant's work history at SLMPD, is irrelevant. Exhibits 28 through 32 pertain to a different lawsuit filed by a different plaintiff against Officer Swinton (and not Officer Hawkins) and, therefore, are irrelevant. Exhibits 34 through 37 pertain to an IAD investigation regarding Officer Swinton in April 2015 and are not relevant. Exhibit 38, which is a copy of a portion of Defendant's now-deleted Linked-In profile, may only be used for impeachment purposes. Exhibits 39 through 41 are satellite images of the location of the incident and may be admissible based on a proper foundation. Exhibits 42 through 57 are photographs and are admissible based on a proper

foundation. Exhibit 62, Defendant's answers to Plaintiff's interrogatories, may be used for impeachment and otherwise only to the extent Plaintiff specifically designated Defendant's answers to interrogatories 1 and 14 through 17 for use during trial and Defendant did not object to that designation. See Pl.'s designation of interrogatory answers at 2 [ECF No. 123] and Def's objections to Pl.'s designation at 2-3 [ECF No. 132]. Exhibits 63 and 64 are irrelevant given the current posture of the case. Defendant does not object to Exhibits 65 and 66. Defendant objected to Exhibit 69 (the police report of the incident) on the basis of hearsay. After discussion, the Court stated it was inclined to allow use of the police report in connection with Officer Swinton's testimony.

(B) Defendant's Exhibits [ECF No. 127]: During the conference, Defendant's counsel stated that he intended to introduce only for impeachment purposes Exhibits B (an unidentified "laboratory report"), C (unidentified "hospital medical records"), D ("City Justice Center Screening Records"), O (unidentified "police reports"), P (unidentified "booking materials") and Q and R (Jenkins's "audio statement" and "written statement," respectively). With respect to these exhibits, Plaintiff objects only to the introduction of Exhibits B, C, Q and R [ECF No. 136 at 1-2]. Defendant intends to use those generally identified exhibits for impeachment purposes only.

Defendant's counsel further explained that Exhibits A ("Surveillance video from parking lots"), E ("Plaintiff's handwritten statement"), and G through N as well as S through W (photographs of: (1) clothing Plaintiff wore at the time of the incident, Exhibits H through M, (2) Plaintiff's face after the incident, Exhibit N, and (3) the location where the search occurred, Exhibits S through W) are exhibits also listed by Plaintiff. With respect to these exhibits, Plaintiff objects only to Exhibit N [ECF No. 136]. Specifically, Plaintiff urges Exhibit N, a photograph of

Plaintiff's face, is irrelevant to the claim remaining for trial. Under present circumstances, the Court will allow use of this exhibit for impeachment purposes only.

With respect to Exhibit F ("Plaintiff's audio statement"), Plaintiff suggests that hearsay and irrelevant statements in her "audio statement" should be redacted, if the statement is played for the jury. The Court agrees and expects the parties to undertake necessary redactions before playing any recording for the jury.

To the extent Plaintiff seeks to present its objections to Defendant's Exhibits B, C, N, Q and R as a motion in limine, the motion is denied to the extent Defendant uses those exhibits for impeachment purposes only and is otherwise denied without prejudice based on the available record.

4. **Depositions, interrogatory answers and requests for admissions.**

(A) Plaintiff's designations [ECF No. 123]:  Plaintiff designated for introduction at trial: (1) specific portions of the transcript of the IAD interview of the driver of the vehicle, (2) certain interrogatory answers by Defendant, (3) certain interrogatory answers by the St. Louis Board of Police Commissioners, and (3) videotaped recordings of the IAD interviews of the driver of the vehicle, Defendant, and Officer Swinton [ECF No. 123]. Defendant objects to the transcript and videotaped recordings of the IAD interviews as not depositions and including "impermissible hearsay under Fed. R. Evid. 801" [ECF No. 132]. Defendant does not object to the use of Defendant's and Officer Swinton's videotaped IAD interviews to the extent Defendant and Officer Swinton offer testimony inconsistent with statements they made during those interviews. Id. at 4. Defendant does not object to Plaintiff's use of the specified interrogatory questions and answers of Defendant and objects to Plaintiff's use of any interrogatory questions and answers of the St. Louis Board of Police Commissioners. As stated earlier in the discussion of Plaintiff's Exhibit 63,

the Court finds the interrogatories directed to and the interrogatory answers provided by the St. Louis Board of Police Commissioners irrelevant to the claim remaining before the Court.

(B) Defendant's designations [ECF No. 126]: Defendant designated specific portions of Plaintiff's deposition for possible use at trial, along with reserving the right to use: (1) any witness's deposition for impeachment purposes or to refresh a witness's recollection, and (2) "any portion of Plaintiff's interrogatory answers as impeachment evidence." Plaintiff does not object to use of her deposition for impeachment purposes but does object to certain designated portions of that deposition on specific grounds. Plaintiff requests the Court to "enter an order striking Defendants' [sic] Discovery Designations, or alternatively, limiting their use to proper impeachment." Id. at 2. Because the parties have not supplied the Court with Plaintiff's deposition, the Court denies Plaintiff's objections and requests for a court order related to Defendant's designation of Plaintiff's deposition testimony without prejudice.

5. **Instructions**. The Court advised counsel it intended to read during the initial trial proceedings the Eighth Circuit's 2019 version of instructions 1.01, 1.02, 1.03, 1.04, 1.05, 1.06, 1.08, 1.09, 2.01, and 2.03. Counsel did not object to those instructions. With respect to the instructions proposed by the parties, the Court discussed in particular their verdict directors. Plaintiff's counsel acknowledged Defendant's proposed verdict director, which is based on principles set forth in the cited case law and an instruction used in a different case in this Court, may be appropriate. The Court directed the parties to work on their verdict directing instructions over the weekend and make further proposals, if any, regarding their proposed instructions on Monday.

6. **Motions in limine**.

(A) Plaintiff's motions [ECF No. 135]:  Plaintiff seeks orders prohibiting Defendant from introducing hospital medical records and a photograph of Plaintiff's face.  Although Defendant did not file a response prior to the conference, during the conference Defendant's counsel stated he would use such exhibits only for impeachment purposes.  Under the circumstances, the Court denies Plaintiff's motions in limine without prejudice.

(B)   Defendant's motions [ECF No. 133]:   After discussing the parties' positions on Defendant's motions, the Court granted those numbered 1, 2, 3, and 5.  With respect to Defendant's motion numbered 4, regarding personnel files or disciplinary action, sanctions, or reprimands of Defendant or witnesses, including for any noncompliance with SLMPD policy, the Court grants the motion except to the extent such information relates to relevant IAD investigations the Court deems admissible.

Defendant also seeks an order prohibiting Plaintiff from introducing any "testimony, statement, or reference to Detective Swinton's preparation of the police report or conduct on the night at issue."  During the conference, the Court stated limited testimony regarding Swinton's conduct in transporting Plaintiff to the police station on the night of the incident and Swinton's preparation of and omissions from the police report may be admissible.  The allowable admission of such testimony does not permit introduction of any testimony or evidence regarding SLMPD's policies or practices, except to the limited extent necessary to explain the IAD consideration of Plaintiff's complaint.  Therefore, the Court grants in part and denies in part Defendant's motion in limine numbered 6 as noted and explained during the conference.

Defendant also moves in limine to preclude "[a]ny testimony, statement, or reference to Defendant['s] or other witnesses' private personal information, such as, but not limited to, past and present residential information, and familial relations."  During the conference, Plaintiff's

8

counsel stated they would not present such information during trial.  Therefore, the Court denies as moot Defendant's motion in limine numbered 7.

Finally, Defendant moves to prohibit Plaintiff from introducing "[a]ny testimony, statement, or reference to the Circuit Attorney's Office not prosecuting Plaintiff."  To provide a fuller picture of the incident with respect to Plaintiff, the Court is inclined to allow Plaintiff to testify that she was not charged with any crime or offense as a result of this incident.  The Court clarified that Plaintiff may not testify:  (1) that any proposed charge was "refused" or (2) to any similar characterization of action taken by the Circuit Attorney's office after this incident.  Therefore, as limited by the Court, Defendant's motion in limine numbered 8 is denied.

**IT IS SO ORDERED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of February, 2020