**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAYLA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-156 PLC |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Angela Hawkins' renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 or, in the alternative, for a new trial pursuant to Fed. R. Civ. P. 59. [ECF No. 162] In her motion, Defendant also requests remittitur of the jury's damages award. Plaintiff Kayla Robinson opposes the motion. [ECF No. 176]

**I.    Background**

Plaintiff brought this action against Defendant, a former St. Louis Metropolitan Police Department officer, under 42 U.S.C. § 1983. Plaintiff alleged that Defendant violated the Fourth Amendment's prohibition on unreasonable searches when, during a traffic stop, Defendant led Plaintiff, who was handcuffed, to a parking lot, pushed her against a tractor-trailer, lowered her pants and underwear, and touched her vagina in the presence of male officers.

The Court held a three-day trial in February 2020. At the close of Plaintiff's evidence, Defendant moved for judgment as a matter of law as to Plaintiff's unreasonable search and punitive damages claims, and the Court denied Defendant's motions. Defendant renewed her motions at the conclusion of all evidence, and the Court again denied them.

The jury rendered its verdict in favor of Plaintiff, awarding her $200,000 in actual

damages and $100,000 in punitive damages. The Court entered judgment on March 4, 2020.

Defendant moves for judgment as a matter of law, asserting that there was insufficient evidence to support Plaintiff's (1) unreasonable search claim[1] and (2) punitive damages claim. [ECF No. 162] In the alternative, Defendant claims she is entitled to a new trial because: (1) the Court erred in admitting evidence that Defendant "used an offensive expletive describing female genitalia while on duty but not directed to any arrestee"; and (2) the jury award was excessive. [ECF No. 163] Plaintiff counters that: (1) the Court did not err in admitting testimony of Defendant's use of the expletive; (2) Eighth Circuit precedent and Defendant's admissions support the award of punitive damages; and (3) the jury award was not excessive. [ECF No. 176]

## II.   Discussion

### A. Renewed motion for judgment as a matter of law

Defendant claims she is entitled to judgment as a matter of law with regard to Plaintiff's punitive damages claim because "no evidence supported that Defendant acted with evil motive or intent, or with callous indifference to Plaintiff's rights." [ECF No. 163 at 4] More specifically, Defendant asserts that Plaintiff did not satisfy the standard for punitive damages because the evidence established that Defendant "conducted a quick search with negligible force while wearing gloves." [Id.] Defendant further argues that it is "difficult to maintain that the standard for punitive damages is met when one Eighth Circuit jurist asserted that Defendant was entitled to qualified immunity on these facts." [Id. (citing Robinson v. Hawkins, 937 F.3d 1128

---

[1] Although Defendant asserts that there was insufficient evidence to support the submission of Plaintiff's unreasonable search claim, she acknowledges that "this Court must reject this argument under the law of the case doctrine." [ECF No. 163 at 3 citing Murphy v. FedEx Nat'l LTL, Inc., 618 F.3d 893 (8th Cir. 2010)]. Defendant states that she includes this argument in her motion "in the event there is a significant intervening change in the law during the pendency of an appeal." [Id.] Accordingly, the Court does not address this argument.

(8th Cir. 2019) (J. Colloton, dissenting)]

"[T]he law places a high standard on overturning a jury verdict because of the danger that the jury's rightful province will be invaded when judgment as a matter of law is misused." Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018) (alteration in original) (quotation omitted)). "Judgment as a matter of law is only warranted where the evidence at trial is wholly insufficient to support a jury finding." In re Prempro Prods. Liab. Litig., 586 F.3d 547, 571 (8th Cir. 2009) (quotation omitted). See also Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1009 (8th Cir. 2008) ("A jury verdict is entitled to extreme deference" and will not be set aside "unless no reasonable jury could have reached the same verdict on the evidence submitted.") (citations omitted).

In determining whether a moving party has met this standard, a court "resolve[s] all factual conflicts in favor of the nonmoving party, give[s] the nonmoving party the benefit of all reasonable inferences, and assume[s] in the nonmoving party's favor all facts supported by the evidence." Murphy v. FedEx Nat'l LTL, Inc., 618 F.3d 893, 902 (8th Cir. 2010) (quotation omitted). Additionally, a court may not make credibility determinations or weigh the evidence when resolving a motion for judgment as a matter of law. In re Prempro, 586 F.3d at 572 (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

"Punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"[2] Fletcher v. Tomlinson, 895 F.3d 1010, 1024 (8th Cir. 2018) (quoting Schaub v. VonWald, 638 F.3d 905, 922 (8th Cir. 2011) (quotation

---

[2] "[P]rov[ing] reckless indifference … requires evidence that the defendant acted 'in the face of a perceived risk that [his or her] actions [would] violate federal law.'" McAdoo v. Martin, 899 F.3d 521, 527 (8th Cir. 2018) (quoting Swipies v. Kofka, 419 F.3d 709, 718 (8th Cir. 2005) (quotation omitted) (alterations in original)).

omitted)).  "The purpose of punitive damages is to 'punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future.'"  Id. (quoting Schaub, 638 F.3d at 922-23).  "[W]hether a defendant's conduct was motivated by an evil motive or involves reckless indifference to the federally protected rights of others" "is a question of fact."  Id. (alteration in original) (quoting Schaub, 638 F.3d at 923).

In this case, the jury clearly believed Plaintiff's version of events with respect to her claim that Defendant performed an unreasonable strip search, and the jury returned a verdict in favor of Plaintiff against Defendant.  Plaintiff presented evidence that, after Defendant placed Plaintiff in handcuffs and patted her down, and after Plaintiff surrendered a bag of marijuana, Defendant shoved her against a trailer, pulled down her pants and underwear, yelled insults and expletives, and, with her gloved hand, probed Plaintiff's genitals.  At trial, Defendant testified that she performed this invasive search for "officer safety" because she was concerned that Plaintiff might have secreted a weapon in her vagina.  The jury clearly rejected Defendant's explanation and found that Defendant acted with evil motive or intent, recklessness, or callous indifference.  The Court finds that there was sufficient evidence to support the jury's finding.

In support of her position that she is entitled to judgment as a matter of law on Plaintiff's punitive damages claim, Defendant cites Judge Colloton's dissent from the Eighth Circuit decision affirming this Court's denial of qualified immunity to Defendant on Plaintiff's unreasonable search claim.  Robinson, 937 F.3d at 1141.  Judge Colloton's dissent at the pre-trial stage of this case is not helpful when considering the reasonableness of the jury's verdict and punitive damages award.  Concluding that the evidence at trial was not "wholly insufficient" to support the jury's punitive damages ward, In re Preemptro, 586 F.3d at 571, the Court denies Defendant's motion for judgment as a matter of law as to punitive damages.

4

B. Alternative Motion for New Trial

Defendant claims she is entitled to a new trial because: (1) the Court erred in "permitting evidence of possible use by Defendant of an offensive expletive that, even if uttered, was not directed to arrestees"; and (2) the jury's damages award was excessive. [ECF No. 162] Plaintiff counters that the Court properly admitted evidence of Defendant's use of the expletive and the jury's award was neither "plain injustice" nor "monstrous" in its result. [ECF No. 176]

"Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion." Der v. Connolly, 666 F.3d 1120, 1126 (8th Cir. 2012) (quoting Haigh v. Gelita USA, Inc., 632 F.3d 464, 471 (8th Cir. 2011)). The "key question" when considering a motion for new trial is "whether a new trial is necessary to prevent a miscarriage of justice." Fletcher, 895 F.3d at 1018 (quotation marks and citations omitted).

1. Alleged expletive

Defendant urges the Court to grant a new trial because "the Court erred in permitting Sgt. McMurry to testify that Defendant may have used an offensive expletive describing female genitalia while on duty but not directed to any arrestee." [ECF No. 163 at 5] Defendant asserts that this evidence was irrelevant to Plaintiff's action and highly prejudicial "as the expletive involved is certainly one of the most inflammatory words in current culture." [Id.] Defendant cites no authority in support of her position that Sgt. McMurry's testimony regarding her use of an expletive was inadmissible, irrelevant, and prejudicial.

In response, Plaintiff argues that the Court did not err in admitting Sgt. McMurry's testimony because "it was used to refute Defendant's claim" that "she would *never* have used [that expletive] because it is so offensive." [ECF No. 176 at 3-4 (emphasis in original)] Plaintiff

5

maintains that Sgt. McMurry's challenged testimony was relevant because it tended to make Defendant's use of offensive language during the search more probable. Plaintiff further contends that, even if the Court erred in admitting this evidence, Defendant is not entitled to a new trial because she failed to demonstrate that the Court's alleged error affected the outcome of the trial. [Id.]

"A district court enjoys wide discretion in ruling on the admissibility of proffered evidence, and evidentiary rulings should only be overturned if there was a clear and prejudicial abuse of discretion." Der, 666 F.3d at 1130. "A new trial will be awarded only if an evidentiary ruling constituted a clear and prejudicial abuse of discretion affecting a substantial right of the objecting party." Walmart Inc. v. Cuker Interactive, LLC, 949 F.3d 1101, 1113 (8th Cir. 2020) (quotation and citation omitted). See also Simpson v. Cnty. of Cape Girardeau, Mo., 879 F.3d 273, 277 (8th Cir. 2018) ("We will only reverse an improper evidentiary ruling if it affected a party's substantial rights or more than slightly influenced the verdict.").

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Ev. 401. Relevant evidence is admissible but may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of [one or more specified factors including]: unfair prejudice, confusion of the issues, or misleading the jury." Lee v. Andersen, 616 F.3d 803, 810 (8th Cir. 2010).

The Eighth Circuit has recognized that "evidence of insulting, intimidating or humiliating comments or jokes by the officers" conducting a strip search is relevant when determining whether the search was unconstitutional. See Robinson, 937 F.3d at 1138; Richmond v. City of Brooklyn Ctr., 490 F.3d 1002, 1008 (8th Cir. 2007). In this case, Plaintiff testified that, before

6

and during the strip search, Defendant used insulting and offensive language, including the expletive in question. Sgt. McMurry's challenged testimony casts doubt on Defendant's blanket denial that she "never" used that word, thereby undermining her testimony that she did not use offensive language during her search of Plaintiff. See, e.g., Woods v. Xcel Energy, No. 06-CV-5014 (PJS/JJC), 2008 WL 2885983, at *15 (D. Minn. July 22, 2008) (evidence in employment discrimination case that witness used a racial epithet outside of the plaintiff's presence was relevant to demonstrating that the witness's offensive conduct was pervasive).

Even if the Court erred in admitting Sgt. McMurry's allegedly irrelevant or prejudicial testimony, Defendant has not demonstrated how its admission adversely affected her substantial rights. See Walmart, Inc., 949 F.3d at 1113. Therefore, under the circumstances, a new trial is not necessary to prevent a miscarriage of justice due to the admission of Sgt. McMurry's challenged testimony. See Fletcher, 895 F.3d at 1018.

### 2. Jury Award

Finally, Defendant argues that the Court should either remit the verdict or grant Defendant a new trial because the jury's award of $200,000 in compensatory damages was "excessive, constituted an injustice, and was the result of passion and prejudice." [ECF No. 163 at 5] More specifically, Defendant maintains that the jury's award was excessive because: (1) Plaintiff sustained only "minor injuries" and failed to establish wage loss, medical expenses, and/or "significant emotional distress"; and (2) a jury note revealed that "the jury awarded attorney's fees as a significant portion of the damages award." [Id. at 6-7] In response, Plaintiff asserts that: (1) the jury award was not excessive given the facts of the case and Plaintiff's testimony to the emotional distress she suffered as a result of the unreasonable search; and (2) "[a] party may not ask the Court to speculate as to why a jury awards a certain amount of

damages." [ECF No. 176 at 4-5]

As previously discussed, when considering a motion for a new trial, the "key question … is whether it is necessary to prevent a miscarriage of justice." Id.; Der, 666 F.3d at 1126. Additionally, a court "will grant remitter [sic] only in cases where the jury's award is so grossly excessive as to shock the court's conscience." E.E.O.C. v. Convergys Customer Mgmt. Grp., Inc., 491 F.3d 790, 797 (8th Cir. 2007) (quotation omitted). "A verdict is not considered excessive unless there is 'plain injustice' or a 'monstrous' or 'shocking' result." Eich v. Bd. of Regents for Cent. Mo. State Univ., 350 F.3d 752, 763 (8th Cir. 2003) (quotation omitted). "Whether an award is excessive rests within the discretion of the trial court." Jenkins v. McLean Hotels, Inc., 859 F.2d 598, 600 (8th Cir. 1988).

"[M]ental and emotional distress, which include mental suffering and emotional anguish, constitute compensable injury under § 1983." Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir. 1997) (citing Carey v. Piphus, 435 U.S. 247, 264 & n.20 (1978)). "Compensatory damages for emotional distress must be supported by competent evidence of a genuine injury and plaintiff's own testimony can carry this burden." Rowe v. Hussman, 381 F.3d 775, 783 (8th Cir. 2004) (internal citations omitted) (citing Kucia v. Southeast Ark. Cmty. Action Corp., 284 F.3d 944, 947 (8th Cir. 2002)). "Medical or other expert evidence is not required to prove emotional distress." Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997).

Importantly, "awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms." Eich, 350 F.3d at 763 (quoting Frazier v. Iowa Beef Processors, Inc., 200 F.3d 1190, 1193 (8th Cir. 2000)). A court "vest[s] with the jury the responsibility of quantifying emotional damages because the jury has the

8

benefit of observation of plaintiff in considering and determining a fair allowance for her emotional distress and humiliation." Convergys, 491 F.3d at 797-98 (internal quotation marks and citation omitted).

Defendant asserts that the evidence Plaintiff presented relating to her injury did not support a jury award of $200,000.  At trial, Plaintiff testified that, as Defendant performed the strip search, Plaintiff cried and called out for help.  Plaintiff described feeling as though she was "drowning" and being raped in public.  Plaintiff also testified that she felt humiliated, and her humiliation was intensified by the presence of one or more male officers during the search.  Both Plaintiff and the officer who transported Plaintiff to the police station testified that, immediately after the search, Plaintiff was uncontrollably sobbing.  Plaintiff's testimony and the circumstances of this particular search were sufficient to sustain the burden for an emotional distress award.  See, e.g., Young v. City of Little Rock, 249 F.3d 730, 735-36 (8th Cir. 2001); EEOC v. Convergys Customer Mgmt. Grp., Inc., No. 4:04-CV-846 CAS, 2006 WL 2345541, at *4 (E.D. Mo. July 7, 2006) (*aff'd* 491 F.3d 790 (8th Cir. 2007)).

Next, Defendant claims that the jury award was excessive because the jury included a significant sum of money for attorney fees.  In support of her position, Defendant points to a note that the jury submitted to the Court during deliberations, stating:

> If we find in favor of plaintiff, must we come up w/complete dollar amount OR are we able to add figures, such as below example:
> $111,111 + attorney fees

[ECF No. 152 at 4]  The Court answered:  "Jurors:  You must be guided by the instructions by the Court."  [Id.]  Those instructions directed as follows:

> If you find in favor of the plaintiff, you must award her an amount of money that will fairly compensate her for any damages you find she sustained as a direct result of the violation of the plaintiff's constitutional rights.  You should consider the following elements of damages:  physical pain and emotional

9

> suffering the plaintiff has experienced[,] the nature and extent of the injury, and whether the injury is temporary or permanent.

[ECF No. 156 at 25] A short time after receiving this answer, the jury returned its verdict in favor of Plaintiff.

Defendant's assertion that the jury intended for a significant portion of the compensatory damages award to cover Plaintiff's attorney fees is based on speculation. The jury's question did not suggest that it was confused or that it failed to follow the law in rendering its verdict. Nor did the question reflect that the jury intended to award Plaintiff only $111,111, as the note specifically characterized that amount as an "example." Whether the jury in fact intended the award to include an amount for attorney fees is purely conjectural. See Platis v. Stockwell, 630 F.2d 1202, 1204 (7th Cir. 1980) (refusing to speculate as to whether the damage award demonstrated the jury was confused about "what effect their [comparative fault] findings would have on Plaintiff's right to recover.").

Upon receiving the jury's note, the Court referred the jury to the jury instructions, and Defendant did not object to the Court's response to the jury note. See, e.g., Wandel v. Kevin Dockett Sr. Trucking, Inc., 797 F.Supp.2d 137, 144 (D. D.C. 2011) ("[T]o the extent the question in the jury's note did reflect any consideration of an improper factor, the Court's subsequent instruction corrected the jury and eliminated any improper focus from their deliberations."). Importantly, "[t]he Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions … and strive to understand, make sense of, and follow the instructions given them." Francis v. Franklin, 471 U.S. 307, 324 n. 9 (1985). See also Katzenmeier v. Blackpowder Prods., Inc., 628 F.3d 948, 952 (8th Cir. 2010) ("[J]uries are presumed to be able to follow and understand the court's instructions.").

Under the circumstances and based on the evidence presented to the jury, the Court

concludes that a new trial due to the amount of the jury's damages award is not necessary to prevent a miscarriage of justice. Additionally, remittitur is not required because the damage award is not so grossly excessive as to shock the conscience. See Convergys, 491 F.3d at 797. Therefore, Defendant's motion for new trial or remittitur is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's renewed motion for judgment as a matter of law and for a new trial [ECF No. 162] is **DENIED**.

                                                     PATRICIA L. COHEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of June, 2020