UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAYLA ROBINSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Case No. 4:17-CV-156 PLC |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al, | ) |
| | ) |
|     Defendants. | ) |

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Kayla Robinson's motion for attorney fees and costs pursuant to 42 U.S.C. § 1988 [ECF No. 158] and motion for bill of costs [ECF No. 157]. Defendant Angela Hawkins ("Defendant") opposes the motion for attorney fees. [ECF No. 167]

I.     Background

In November 2016, Plaintiff filed an action against five[1] defendants pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising from a traffic stop and strip search performed by Defendant, then an officer with the St. Louis Metropolitan Police Department (SLMPD). [ECF No. 3] In her first amended complaint, Plaintiff alleged the following six counts: unreasonable search and use of excessive force against Defendant (Counts I and II); municipal liability claims against the St. Louis Board of Police Commissioners (Counts III, IV, V); and civil conspiracy

_____

[1] Plaintiff's original complaint named as defendants: Angela Hawkins and Kelli Swinton, then officers with the St. Louis Metropolitan Police Department (SLMPD); Lawrence O'Toole, lieutenant colonel for the SLMPD; Samuel Dotson, chief of police for the SLMPD; and the City of St. Louis. [ECF No. 3] Plaintiff later recognized that the City of St. Louis was not a proper defendant and filed an amended complaint naming the St. Louis Board of Police Commissioners and its individuals members in their official capacities. [ECF No. 18] Plaintiff voluntarily dismissed Defendants O'Toole and Dotson in April 2018. [ECF Nos. 82 & 83]

against Defendant, Officer Swinton, and Lieutenant Colonel O'Toole.  [ECF No. 18]

Plaintiff moved for partial summary judgment on her section 1983 claim for unreasonable search in violation of the Fourth and Fourteenth Amendments of the United States Constitution. [ECF No. 50]  The defendants sought summary judgment on all counts.  [ECF No. 53]  This Court denied Plaintiff's motion for partial summary judgment.  [ECF No. 84]  As to the defendants' motion for summary judgment, the Court:  (1) denied summary judgment on Plaintiff's claims for unreasonable search, excessive force, and civil conspiracy; (2) dismissed Plaintiff's official capacity claims against Defendant and Officer Swinton;  and (3) dismissed Plaintiff's municipal liability claims against the St. Louis Board of Police Commissioners and its individual members. [Id.]

Defendant and Officer Swinton filed an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit.  Robinson v. Hawkins, 937 F.3d 1128 (8th Cir. 2019).  The Eighth Circuit:  (1) affirmed this Court's denial of summary judgment on Plaintiff's unreasonable search claim; (2) and reversed this Court's denial of summary judgment on Plaintiff's civil conspiracy and excessive force claims.  Id. at 1138.

The Court held a three-day trial on Plaintiff's unreasonable search claim, and the jury found in favor of Plaintiff and against Defendant.  The jury awarded Plaintiff $200,000 in actual damages and $100,000 in punitive damages.  The Court entered judgment in accordance with the verdict. [ECF No. 155]

Plaintiff moves for attorney fees pursuant to 42 U.S.C. § 1988, litigation costs and expenses pursuant to 28 U.S.C. § 1920, and post-judgment interest pursuant to 28 U.S.C. § 1961.  [ECF No. 158]  More specifically, Plaintiff asserts that she is the prevailing party and requests:  (1) reasonable attorney fees in the amount of $640,205.00 with a lodestar multiplier of 1.5, for a total

of $960,307.50; (2) $6,254.14 in costs and expenses; and (3) a post-judgment interest at a rate of 1.43 percent.[2]  [ECF No. 159]  Defendant does not dispute that Plaintiff is the prevailing party but argues that Plaintiff's counsel's hourly rates are unreasonable and the hours worked on this matter are excessive.  [ECF No. 159]

## II.     Standard for awarding fees under Section 1988

42 U.S.C. section 1988(b) provides that a district court, "in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs" in a section 1983 action.  A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Lefemine v. Wideman, 133 S. Ct. 9, 11 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).

A party seeking attorney fees "'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'"  El–Tabech v. Clarke, 616 F.3d 834, 842 (8th Cir. 2010) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).  The party seeking the award must submit evidence supporting the requested hours and rates, making "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"  Hensley, 461 U.S. at 434.

To determine the amount of reasonable attorney fees, courts employ the "lodestar" method

---

[2] In her memorandum in opposition to Plaintiff's motion for attorney fees, litigation costs, and interest, Defendant states:  "Defendant does not object to Plaintiff's bill of costs."  [ECF No. 167 at 17]  Additionally, Defendant "agrees that Plaintiff is entitled to interest pursuant to" 28 U.S.C. § 1961, but asserts that the appropriate rate is 1.21 percent.  [Id.]  In her reply, Plaintiff "concurs with Defendant that the applicable post-judgment interest rate is 1.21%."  [ECF No. 177 at 2-3]  Accordingly, the Court will grant Plaintiff's request for costs in the amount of $6,254.14 and post-judgment interest at a rate of 1.21 percent.

and multiply the number of hours reasonably expended by a reasonable hourly rate.[3]  Id. at 433.
The lodestar "provides an objective basis on which to make an initial estimate of the value of a
lawyer's services," but does not end the inquiry.  Id.  Various considerations may lead a district
court to adjust the fee "upward or downward," but many of these calculations will have been
"subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."
Id. at 434 & n.9.  A district court has "broad discretion" in determining the amount of an attorney
fee award.  Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000) (per curiam).

**III.    Discussion**

A.  Hourly rate

Plaintiff requests hourly rates of:  $500.00 for attorneys, Jeremy Hollingshead, Nicholas
Dudley, and Thomas Applewhite; $400 for attorney John Moffitt; $300 for attorneys Katie Rhoten,
Benjamin Coudret, and Taylor Pike; $150 for "trial paralegal" Jessica Rials and law clerks
Benjamin Coudret[4] and Matthew Williams; and $100 for paralegals Brandi Cross and Melissa
Heisner.  [See ECF No. 159-29]  In support of her request, Plaintiff submits a 2019 survey of
billing rates published by *Missouri Lawyers Weekly,* which provides that the median hourly rates

---

[3] When calculating the lodestar amount, courts consider the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the
> skill requisite to perform the legal service properly; (4) the preclusion of employment by
> the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is
> fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8)
> the amount involved and the results obtained; (9) the experience, reputation, and ability
> of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n. 3.

[4] According to Plaintiff's exhibits, Benjamin Coudret was a law clerk at Hollingshead & Dudley
until he became an attorney in September 2017.  [ECF No. 159-20]

4

at St. Louis law firms are $390 for partners and $298 for associates.[5]   [ECF No. 159-22] Additionally, Plaintiff's attorneys filed affidavits setting forth their legal education and legal experience to support their requested hourly rates.

Defendant challenges only the requested $500 per hour rate of attorneys Hollingshead, Dudley, and Applewhite.  She argues that $500 per hour is unreasonable because:  (1) it is higher than the prevailing standard for similar work within the St. Louis market; and (2) Plaintiff's attorneys' resumes and experience do not support such a rate.  Defendant asserts that a reasonable rate for Mr. Hollingshead and Mr. Dudley is between $375 and $400 per hour, and a reasonable hourly rate for Mr. Applewhite is between $300 and $350 per hour.

A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  Little Rock Sch. Dist. v. Arkansas, 674 F.3d 990, 995 (8th Cir. 2012).  When determining reasonable hourly market rates, district courts may rely on their own experience and knowledge of prevailing rates in the community.  See Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).  Additionally, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates."  Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) (quotation omitted).  "A reasonable fee is 'one that is adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'"  McDonald v. Armontrout, 860 F.2d 1456,

---

[5] The *Missouri Lawyers Weekly* billing rate survey of 2019 reports the following rates for attorneys with the law firm Hollingshead & Dudley:

| | | | |
|---|---|---|---|
| $400 | Jeremy D. Hollingshead | Partner | St. Louis |
| $400 | Nicholas Dudley | Partner | Kansas City |
| $300 | John Moffitt III | Attorney | St. Louis |
| $300 | Katie Rhoten | Associate | St. Louis |
| $200 | Ben Coudret | Associate | St. Louis |
| $100 | Jessica Rials | Paralegal | St. Louis |
| $100 | Melissa Heisner | Paralegal | St. Louis |

[ECF No. 159-22 at 4]

1458 (8th Cir. 1988) (alterations in original) (quoting Blum v. Stenson, 465 U.S. 886, 897 (1984)).

       1.   Jeremy Hollingshead and Nicholas Dudley

      In his affidavit, Mr. Hollingshead, the lead attorney in this case, attested that he graduated from University of Missouri – Columbia law school in 2007 and joined the Missouri Bar in 2008. [ECF No. 159-23 at ¶¶ 2 & 16]  Since 2014, "nearly all of [his] personal practice … has been devoted to civil rights cases[.]"  [Id. at ¶ 5]  Mr. Hollingshead stated that he has litigated "well in excess of 500 cases in various state and federal court jurisdictions" and has "tried to verdict (as first chair) approximately 20 jury trials[.]"  [Id. at ¶¶ 6 & 10]

      Mr. Dudley submitted an affidavit stating that he graduated from the University of Minnesota law school in 2010 and joined the Missouri Bar the same year.  [ECF No. 159-24 at ¶ 2]  Mr. Dudley averred that he has "been directly involved in litigating approximately 100 civil rights cases including cases brought pursuant to the Missouri Human Rights Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983" and he has "tried (as first chair) approximately 15 jury trials."  [Id. at ¶¶ 5 & 8]

      In her reply brief, Plaintiff acknowledges that, in May 2020, a Missouri circuit court reduced Mr. Hollingshead's and Mr. Dudley's requested hourly rates to $400 per hour.  [ECF No. 177 at 6 (citing Harrison v. Harris Stowe University, No. 1722-CC01238)]  Plaintiff suggests that the instant case is distinguishable from Harrison, and therefore warrants a higher hourly rate, because it is a section 1983 case tried in federal court and not a retaliatory discharge claim tried in state court.  Plaintiff further argues that, between the time of the Harrison trial in December 2019 and Plaintiff's trial in February 2020, Mr. Hollingshead and Mr. Dudley gained considerable trial experience justifying a higher hourly rate.

      Plaintiff fails to adequately support her claim that Mr. Hollingshead's and Mr. Dudley's

requested hourly rates are reasonable.  To the contrary, the 2019 billing rate survey from *Missouri Lawyers Weekly* demonstrates that $500 per hour is considerably higher than the median rates for law partners in St. Louis.  Moreover, their reported hourly rates in that survey were $400 per hour, not $500 per hour.  To the extent that Plaintiff argues that her attorneys should receive a higher rate for section 1983 cases than they do for employment discrimination cases, she fails to provide any supporting authority.

Recent decisions by this District further support a reduction in Mr. Hollingshead's and Mr. Dudley's hourly rates.  In Holmes v. Slay, the court reduced attorney Jon Loevy's hourly rate from $520 to $450, and approved the following hourly rates:  $400.00 for Richard Dowd, Douglas Dowd, and Roshna Keen; $350 for Laura Lumaghi and Rachel Steinback; $335 for Alex Lumaghi; $330.00 for David Owen; and $250.00 for Sarah Grusin.  No. 4:12-CV-2333 HEA, 2017 WL 994473, at * 3 (E.D. Mo. Mar. 15, 2017).   In S.M. v. Lincoln Cnty., this Court approved the following hourly rates:  $450 for attorney Beevis Shock; $375 for attorney Michael Fagras; and $350 for Hugh Eastwood.[6]  No. 4:12-CV-2276 PLC, 2016 WL 6441587, at *7 (E.D. Mo. Nov. 1, 2016).  See also Banks v. Slay, No. 4:13-CV-2158 ERW, 2016 WL 5870059, at *2 (E.D. Mo. Oct. 7, 2016) (reduced Bob Herman's requested hourly rate from $450 to $355, and approved hourly rates of $325 for Kenneth Romines and $250 for Edward Wells); Fletcher v. Tomlinson, No. 4:14-CV-999 RLW, 2016 WL 6069497, at *6 (E.D. Mo. Oct. 14, 2016) (approving hourly rates of $450 for Phillip Tatlow and Mark Zoole and $250 for Jeffrey Herman); Abdullah v. Cnty. of St. Louis, Mo., No. 4:14-CV-1436 CDP, 2015 WL 5638064, at *2 (E.D. Mo. Sep. 24, 2015) (approving Anthony Rothert's hourly rate of $350).  Based upon a review of Plaintiff's affidavits and the

---

[6] According to their affidavits submitted in support of the motion for attorney fees in S.M., those attorneys had thirty years', twenty-two years', and seven years' experience, respectively.  No. 4:12-CV-2276 PLC, ECF No. 203.

market rates for attorneys in St. Louis, the Court finds that an appropriate hourly rate for Mr. Hollingshead and Mr. Dudley is $400 per hour.

2.   Thomas Applewhite

In his affidavit, Mr. Applewhite stated that he graduated from St. Louis University law school in 2011 and joined the Missouri Bar in 2012.  [ECF No. 159-25 at ¶ 2]  He averred that he had "been involved in more than two dozen civil rights cases" and has "been awarded $485 per hour multiple times in other contingency hourly cases in Missouri State Court."  [Id. at ¶¶ 4 & 14]  Mr. Applewhite submitted (1) an order entered by the Circuit Court of the City of St. Louis in a class action approving Mr. Applewhite's hourly fee of $485; and (2) Mr. Applewhite's motion for additional attorney fees filed in a different case in the Circuit Court of the City of St. Louis requesting an award of attorney fees at an hourly rate of $485.  [ECF No. 159-16]

At the time of Plaintiff's trial, Mr. Applewhite had approximately seven years' experience. Mr. Applewhite requests an hourly rate of $500, which is higher than the hourly rates this District has awarded civil rights attorneys with considerably more experience.  See, e.g., Holmes, 2017 WL 994473, at * 3; S.M., 2016 WL 6441587, at *7; Banks, 2016 WL 5870059, at *2.  Based on Mr. Applewhite's legal experience and the prevailing market rates in St. Louis, the Court finds that $350 per hour is appropriate.

B.  Hours expended

Plaintiff seeks reimbursement for 1,379 hours of attorney work and 69.1 hours of law clerk and paralegal work.[7]  [See ECF No. 159-29]  According to Plaintiff, the hours established by her

---

[7] Plaintiff seeks to recover for hours expended by her attorneys as follows:

| | | | |
|---|---|---|---|
| Jeremy Hollingshead | 721 hours | x $500 | $360,500.00 |
| Nicholas Dudley | 197.6 hours | x $500 | $98,800.00 |
| Thomas Applewhite | 163.0 hours | x $500 | $81,500.00 |
| John Moffit | 5.8 hours | x $400 | $2,320.00 |

attorneys' affidavits and time records, which were derived from contemporaneous records, were reasonable and her attorneys excluded "any time that was expressly related to claims on which Plaintiff did not prevail[.]"  [ECF No. 159 at 11]  Finally, she asserts that she is entitled to "the full award of [her attorneys'] work on Plaintiff's interlocutory appeal because her unsuccessful claim against the other defendants was related to her successful claim against Defendant Hawkins."  [Id. at 13]

Defendant maintains that "Plaintiff's counsel billed excessive hours to the case and used too many lawyers at trial and for the appeal."  [ECF No. 167 at 5]  More specifically, Defendant: (1) argues that Plaintiff's counsel overstaffed the oral argument and trial; and (2) disputes as excessive the amount of time Plaintiff's attorneys expended for meetings, "debriefings," conferences, Plaintiff's partial summary judgment motion, clerical work, and reviewing docket entries.  Additionally, Defendant urges the Court to reduce Plaintiff's attorney fees because:  (1) four out of six of Plaintiff's claims were distinct from her unreasonable search claim and dismissed before trial; and (2) Plaintiff's claim against Defendant arose from a "short altercation" and did not involve complex legal issues.[8]

---

| | | | |
|---|---|---|---|
| Katie Rhoten | 10.9 hours | x $300 | $3,270.00 |
| Benjamin Coudret | 279.5 hours | x $300 | $83,850.00 |
| Taylor Pike | 2.7 hours | x $300 | $810.00 |

[ECF Nos. 159-29 & 159-15]  Plaintiff also seeks compensation for hours worked by legal staff as follows:

| | | | |
|---|---|---|---|
| Jessica Rials | 30.2 hours | x $150 | $4,530.00 |
| Benjamin Coudret | 14 hours | x $150 | $2,100.00 |
| Mathew Williams | .7 hours | x $150 | $105.00 |
| Brandi Cross | 6.2 hours | x $100 | $620.00 |
| Melissa Heisner | 18 hours | x $100 | $1,800.00 |

[EF No. 159-29]

[8] In Plaintiff's reply to Defendant's memorandum in opposition to Plaintiff's motion for an award of reasonable attorney fees, Plaintiff directly addresses only Defendant's arguments that Plaintiff's counsel requests fees for excessive meetings and overstaffing the trial.  [ECF No. 177]  In regard to Defendant's remaining challenges, Plaintiff asserts generally that Defendant's "complaints are

When calculating attorney fees, a court should exclude hours that were not "reasonably expended," such as "hours that are excessive, redundant, or otherwise unnecessary[.]" El-Tabech, 616 F.3d at 842 (quoting Hensley, 461 U.S. at 433-34). "A party [in a civil rights action] is not entitled needlessly to accumulate exorbitant legal fees with the expectation that the losing party will be called upon to pick up the entire tab." Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action, 558 F.2d 861, 871 (8th Cir. 1977).

### 1.   Overstaffing

Defendant argues that Plaintiff's counsel overstaffed the case.  [ECF No. 167]  More specifically, she contends that, because the case "was not complex factually, as it involved two witnesses describing a short interaction between police and citizens that are the type of fact patterns that parties routinely litigate," Plaintiff's use of three attorneys on the appeal and at trial was excessive.  [Id. at 13]  Plaintiff replies that "[h]aving three attorneys prepare for and conduct a jury trial allows individual trial counsel to better conduct the trial[.]"  [ECF No. 177 at 10 (emphasis in original)]  Plaintiff does not address Defendant's claim that three attorneys working on the appeal was excessive.

"While there exists no *per se* rule prohibiting a litigant from having more than one attorney work on [her] case," Ladd v. Pickering, 783 F.Supp.2d 1079, 1094 (E.D. Mo. 2011), "[a] court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." Lee ex rel. Lee v. Borders, No. 4:09-CV-1977 TIA, 2014 WL 4811907, at *5 (E.D. Mo. Sept. 26, 2014) (quoting A.J. ex rel. L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995)).  When determining whether a case was over-lawyered, "[t]he trial judge

---

too general to allow for a reduction in hours" and Defendant "should have more specifically targeted what [billing submissions] should have been deleted."  [Id. at 10]

should weigh the hours claimed against his [or her] own knowledge, experience, and expertise of the time required to complete similar activities."  Gilbert v. City of Little Rock, Ark., 867 F.2d 1063, 1066 (8th Cir. 1989) (alteration in original) (quotation omitted).

In regard to the interlocutory appeal, Plaintiff's counsel's billing records reveal that, while Mr. Coudret outlined and presented the oral argument, both Mr. Hollingshead and Mr. Dudley participated extensively in the preparation and attended the argument.  [ECF No. 159-2]  Mr. Hollingshead expended:  10.6 hours in meetings and conversations with Mr. Coudret "re oral argument strategy/outline," "oral argument prep," and "recommended changes to Coudret's oral argument outline"; 8 hours in "oral argument practice rounds" and "final prep for oral arguments"; and 4.5 hours traveling for and attending the oral argument.  [Id.]  Mr. Dudley spent:  5.7 hours reviewing and discussing "oral argument strategy," "oral argument outline and suggested edits," and "oral argument"; 8 hours in "oral argument practice rounds" and "final prep for oral arguments"; and 4.5 hours traveling for and attending the oral argument.  The time expended by Mr. Hollingshead and Mr. Dudley was in addition to the 39.2 hours that Mr. Coudret spent preparing for and presenting the oral argument.  The Court agrees with Defendant that three attorneys preparing for and attending the oral argument was excessive.  Cf. Little Rock Sch. Dist., 674 F.3d at 995 (reasonable for two attorneys to attend oral argument in a complex, thirty-year school desegregation case).

The Court also agrees with Defendant that staffing the trial with three partner-level attorneys was excessive for the demands of the case.  After the Eighth Circuit remanded the case to this Court and four weeks prior to the commencement of trial, Mr. Hollingshead and Mr. Dudley enlisted the help of Mr. Applewhite.  Mr. Applewhite's engagement resulted in excessive meetings and conferencing and duplicative efforts.  For example, Mr. Applewhite expended approximately

11

11.5 hours reviewing the file and conferring with Mr. Hollingshead about "joining team" and "trial preparation."   [ECF No. 159-15]   Mr. Hollingshead billed an additional 3.9 hours for those conversations.  [ECF No. 159-2]  See, e.g., Abdullah, 2015 WL 5638064, at *2-3 (E.D. Mo. Sept. 24, 2015) ("[C]harging fees for four attorneys and one litigation specialist to travel to and attend an eight-hour hearing that could have been handled by two attorneys is excessive.");  Walton v. Dawson, No. 2:11-CV-48 JCH, 2015 WL 331628, at *3 (E.D. Mo. Jan. 26, 2015) ("matter was overlawyered" where three attorneys participated in trial); Denesha v. Farmers Ins. Exch., 976 F.Supp. 1276, 1291 (W.D. Mo. 1997) (rev'd in part on other grounds, 161 F.3d 491 (8th Cir. 1998) ("The Court will not require defendant to pay for time spent educating additional counsel about the case one month before trial.").

As previously stated, this was not a factually or legally complex case.  The facts of the case related primarily to the events of a single night.   The trial lasted only three days and involved only two parties, one unreasonable-search count, and a handful of witnesses.  The Court therefore finds that the involvement of three partner-level attorneys in this straightforward section 1983 case was excessive.  See Dorr v. Weber, 741 F.Supp.2d 1022, 1036 (N.D. Iowa) ("three attorneys were simply not necessary in this simple § 1983 action"); Denesha, 976 F.Supp. at 1291 ("[T]he issues in the case were not so complex that they warranted three counsel for plaintiff throughout trial.").

2.   Communications between co-counsel

Defendant contends that Plaintiff's attorneys billed excessive time for meetings, "debriefings," and conferences.  Defendant maintains that these sessions were excessive in their frequency and length "particularly in light of the fact that Plaintiff's counsel are seeking payment as experienced lawyers at partner level at $500 per hour."  [ECF No. 167 at 10-11]   In reply, Plaintiff asserts that meetings are "valuable strategic tools, not just information sharing sessions."

[ECF No. 177 at 9]

After reviewing Plaintiff's counsel's billing entries, the Court agrees with Defendant that the submissions contain excessive entries for "conversations," "meetings," and "debriefings." [See ECF No. 159-2]  For example, on February 23, 2017, two attorneys billed one hour for "debriefing Rule 16 conference."  [Id.]  On April 6, 2017, an attorney, a paralegal, and two law clerks each billed twelve minutes for discussing service of summons.  [Id.]  On October 30, 2017, a partner and associate each billed 1.3 hours for "conversation … re depo prep status."  [Id.]  Later that day, the two attorneys billed thirty-six minutes discussing Plaintiff's deposition and another 1.1 hours for "conversations … re ongoing depositions."  [Id.]  On November 21 and December 22, 2017, three attorneys met for eighteen minutes and forty-eight minutes to discuss filing under seal.  [Id.]  On December 20 and 21, 2017, a partner and an associate billed forty-eight minutes and 1.8 hours for conversations relating to a response to a motion for summary judgment.  [Id.]  In April 2018, three attorneys and one paralegal billed 30.2 hours in a single day for conversations and meetings relating to pretrial tasks, pretrial materials, and trial strategy.  [Id.]  The following day, they billed another 10.1 hours for conversations relating to pretrial materials and trial tasks, 11.1 hours for conversations relating to trial strategy, and 3.9 hours for trial team meetings regarding the "impact of court's summary judgment order[.]"  [Id.]

The Court recognizes the value in attorneys working collaboratively.  In this case, however, the billing records reflect excessive time spent conversing, meeting, and debriefing.  See, e.g., Lee ex rel. Lee, 2014 WL 4811907, at *5; Fancher v. Klann, No. 13-435 (DSD/JJK), 2015 WL 1810235, at *2 (D. Minn. Apr. 21, 2015).  In light of the foregoing, together with the Court's judgment of the amount of time required to litigate a case of the complexity presented here, the Court reduces Plaintiff's requested attorney fees for excessive time spent on communications

between co-counsel.

        3.   Plaintiff's motion for partial summary judgment

Defendant urges the Court to deny Plaintiff attorney fees for the time that her counsel expended on Plaintiff's motion for partial summary judgment because it was "ill[-]conceived and meritless." [ECF No. 167 at 15-16] Defendant cites no authority in support of her position that Plaintiff is not entitled to attorney fees for time expended on an unsuccessful motion for partial summary judgment.

  "Simply because an attorney loses a motion in an otherwise successful litigation does not necessarily mean attorneys' fees should not be awarded for time spent on the unsuccessful [motion]." Bowers v. Cornell Roofing & Sheet Metal Co., No. 18-00434-CV-W-JTM, 2019 WL 4888626, at *1 (W.D. Mo. July 9, 2019). See also Emery v. Hunt, 272 F.3d 1042, 1047 (8th Cir. 2001) ("[T]he court should not simply deny fees for particular matters on which the plaintiff did not prevail."). "The fact that [a plaintiff] did not prevail on every motion and every argument does not detract from her victory, nor does it mean that time spent litigating unsuccessful motions was unreasonable." Miller v. Bd. of Regents of Univ. of Minn., 402 F.Supp.3d 568, 594 (D. Minn. 2019). The Court did not conclude at the time of the ruling, nor does it now find, that the motion for partial summary judgment was either frivolous or improper. Accordingly, the Court will not reduce Plaintiff's fee award for time spent on the unsuccessful partial summary judgment motion.

        4.   Clerical work and review of docket entries

Defendant claims that Plaintiff's counsel is not entitled to attorney fees for clerical work, such as "making photocopies, mailing documents, and similar tasks." [ECF No. 167 at 14] Additionally, Defendant argues that Plaintiff's counsel "submitted time for numerous individuals reviewing docket entries, for which they routinely charge six minutes, when reviewing such entries

take seconds."  [Id. at 15]

A plaintiff is not entitled to attorney fees for work that is clerical in nature.  See Ladd, 783 F.Supp.2d at 1094; Sellers v. Peters, 624 F.Supp.2d 1064, 1069 (E.D.Mo. 2008); Lee ex rel. Lee, 2014 WL 4811907, at *6.  Likewise, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."  Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n. 10 (1989).  Tasks considered clerical include:  filing pleadings, scheduling depositions, securing court reporters, calendaring dates, reviewing emails from court clerk, coordinating the creation of binders, making photocopies, mailing documents, and scanning exhibits.  See, e.g., Jo Ann Howard & Assocs., P.C. v. Cassity, No. 4:09-CV-1252 ERW, 2020 WL 870987, at *10 (E.D. Mo. Feb. 21, 2020); Davis v. Lancaster, No. 4:13-CV-1638 HEA, 2019 WL 265098, at *4 (E.D. Mo. Jan. 18, 2019); Lee ex rel. Lee, 2014 WL 4811907, at *6; Sellers, 624 F.Supp.2d at 1069. Time spent "reviewing nonsubstantive docket entries," such as opposing counsel's entry of appearance, are also deemed clerical and shall be disallowed.  Walters v. City of Hazelwood, Mo., No. 4:09-CV-1473 CEJ, 2013 WL 3984464, at *3 (E.D. Mo. Aug. 1, 2013).

While Defendant correctly asserts that Plaintiff cannot recover attorney fees for clerical work, she does not identify and total the challenged billing entries.   Defendant states generally that "Mr. Hollingshead billed 8.9 hours for tasks such as filing and downloading materials," but she does not point to specific examples in the billing records.  Nor does she identify examples of Plaintiff's counsel's submissions for reviewing court docket entries.  "Judge are not accountants; they are not auditors.  They do not have the luxury of putting on a green eyeshade and devoting hundreds of hours to reviewing billing entries."  Miller, 402 F.Supp.3d at 595 (quoting Fox v. Vice, 563 U.S. 826, 838 (2011). Reviewing "hundreds of time-sheet entries and determin[ing] whether each was appropriate [] is beyond the capacity of this or any other court."  Id. at 594-95.

Nevertheless, upon review of the billing records, the Court notes Mr. Hollingshead's submissions for administrative tasks such as:  reviewing docket entries for items such as entries of appearance and motions for extensions of time; filing certificates of service and motions; saving electronically docketed pleadings and orders "into the client's computer folder"; calendaring deadlines on the firm's client management system; "emails to/from court reporter"; "saving and printing of Defendant's pretrial materials"; and "notarizing, scanning, and saving … affidavit for motion for fees."  [ECF No. 159-2]  Additionally, paralegal Melissa Heisner billed time spent on clerical work, such as calendaring deadlines, saving documents "in the client's computer file," and scanning documents.  [Id.]  "These types of entries are not legal work," Jo Ann Howard & Assocs., 2020 WL 870987, at *10, and Plaintiff is not entitled to compensation for this time.

5.   Motion for attorney fees

Defendant argues that Plaintiff's request for approximately $30,000 in fees for preparation of the fee application is unreasonable.  [ECF No. 167]  In support of her position that Plaintiff's counsel expended an unreasonable number of hours on the present motion, Defendant states that, given Plaintiff's recent submission of a motion for attorney fees in Harrison, "a good portion of the work could [] have been done by a paralegal or clerical staff cutting and pasting and [] very little attorney input would be required."  [Id. at 17]

"Time spent preparing fee applications is generally compensable," but must not be excessive for the work completed.  El-Tabech, 616 F.3d at 843-44 (77.7 hours spent on reply brief in support of motion for attorney fees was excessive).  Here, Mr. Applewhite, who drafted the application for attorney fees, expended 27.3 hours on that task.  [ECF No. 159-15]  Mr. Hollingshead billed an additional 24.0 hours working on the same application.  [ECF No. 159-2]  Over six days of attorney work to prepare the motion or attorney fees is excessive.  See, e.g.,

Sharpe Holdings, Inc. v. United States Dep't of Health & Human Servs., No. 2:12-CV-92 DDN, 2018 WL 3772223, at *4 (E.D. Mo. Aug. 9, 2018) ("A claim of five days of attorney work on the reply memorandum and over seven days of attorney work to prepare the initial motion is excessive."); Freeman v. MH Equip. Co., No. 4:15-CV-1473 CDP, 2017 WL 76907, at *2 (E.D. Mo. Jan. 9, 2017) (33.2 hours preparing fee application was excessive); Ladd, 783 F.Supp.2d at 1094 (46.0 hours of attorney work preparing fee application was excessive); Rosen v. Wentworth, 13 F.Supp.3d 944, 953 (D. Minn. 2014) (over 60 hours preparing fee application was excessive).

C.  Lodestar amount

Given that this case was not novel or overly complex, the Court finds that the case was overstaffed and the time expended on certain tasks was excessive.  Additionally, there was a significant amount of duplicative work and attorney time billed for work that was clerical in nature. The Court therefore concludes that a reduction in the number of hours claimed is proper.  "Rather than make a line-by-line cut to account for these issues, the Court will exercise its discretion to make a percentage reduction."[9]  Ladd, 783 F.Supp.2d at 1095.  The Court finds that a 20 percent reduction in the number of hours claimed is appropriate.

| Jeremy Hollingshead | 721 hours | x $400 | $288,400.00 |
| Nicholas Dudley | 197.6 hours | x $400 | $79,040.00 |

---

[9] "A district court may in the exercise of its discretion use a percentage reduction – instead of line-by-line cuts – as a practical means of reducing fee claims."  Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC, No. 1:19-CV-84 ACL, 2020 WL 3489344, at *3 (E.D. Mo. June 26, 2020) (reducing one firm's hours by 50% and the other firm's hours by75% for "overlawyering and duplicative work").  See also Rural Water Sys. No. 1 v. City of Sioux Ctr., 202 F.3d 1035, 1039 (8th Cir. 2000) (affirming 45% reduction of attorney fees where the district court reduced the fee request based on "partial success, excess hours, and duplication."); Jensen v. Clarke, 94 F.3d 1191, 1203-04 (8th Cir. 1996) (affirming 10% reduction for inadequate documentation and 15% reduction for partial success); Fletcher, 2016 WL 6069497, at *9 (reducing the plaintiff's requested fee by 45% for excessive time charged and time charged for claims against unrelated defendants); Rosen, 13 F.Supp.3d at 952-53 (reducing requested attorney fee by 50% "for the overbilled or 'overlawyered' work, the nature of the case and its ultimate result, the fees requested for clerical tasks, and the excessive time spent preparing the present motion.").

| | | | |
|---|---|---|---|
| Thomas Applewhite | 163.0 hours | x $350 | $57,050.00 |
| John Moffit | 5.8 hours | x $400 | $2,320.00 |
| Katie Rhoten | 10.9 hours | x $300 | $3,270.00 |
| Benjamin Coudret | 279.5 hours | x $300 | $83,850.00 |
| Taylor Pike | 2.7 hours | x $300 | $810.00 |
| Jessica Rials | 30.2 hours | x $150 | $4,530.00 |
| Benjamin Coudret | 14 hours | x $150 | $2,100.00 |
| Matthew Williams | .7 hours | x $150 | $105.00 |
| Brandi Cross | 6.2 hours | x $100 | $620.00 |
| Melissa Heisner | 18 hours | x $100 | $1,800.00 |

Total (hours requested x approved hourly rates):  $523,895.00

$523,895.00 less 20% (or $104,779.00) = $419,116.00

The lodestar amount is $419,116.00

D.  Degree of success

Calculation of the lodestar does not end the inquiry.  Hensley, 461 U.S. at 434.   [ECF No. 159 at 11]  In support of her motion for attorney fees, Plaintiff states that "any time that was expressly related to claims on which Plaintiff did not prevail are excluded from [her counsel's] fee card." [10]   [ECF No. 159 at 9]  She further asserts, however, that counsel is entitled to a full award of requested fees for work on the interlocutory appeal, because the unreasonable search, excessive force, and civil conspiracy claims shared a "common core of facts."  [Id. at 11]

---

[10] However, Plaintiff does not identify either the billing entries or total number of hours excluded. Mr. Hollingshead's affidavit in support of the motion for attorney fees does not provide any clarity, as he attested:

> [A]ll discovery propounded on Defendants, correspondence, client meetings etc. were focused on the collective sum of Plaintiff's MHRA claims against Defendants.  More specifically, with very few exceptions which were zeroed out in the Firm's fee card attached to this Motion, had Plaintiff only filed her MHRA claim against Defendant Harris-Stowe, all actions taken in this matter would have occurred regardless.

[ECF No. 159-23 at ¶ 16]  Upon review of Plaintiff's counsel's time records in this case, the Court notes that some billing entries appear to relate entirely to Plaintiff's municipal liability claims on which this Court granted summary judgment.  For example, in November 2017, Mr. Hollingshead and Mr. Coudret have numerous entries relating to "corporate rep depos."  [ECF No. 159-2]

Defendant argues that the Court should reduce Plaintiff's attorney fees because "four out of six unrelated claims were dismissed before trial[.]"[ECF No. 167 at 6]  Defendant asserts that the three dismissed <u>Monell</u> claims and the dismissed civil conspiracy claim "required entirely different proof than the evidence regarding the interaction between Defendant Hawkins and Plaintiff," which formed the basis of Plaintiff's excessive force and unreasonable search claims.[11] [<u>Id.</u>]  Plaintiff does not address Defendant's argument in her reply brief.  [<u>See</u> ECF No. 177]

"The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole."  <u>Jenkins v. Missouri</u>, 127 F.3d 709, 716 (8th Cir. 1997) (en banc).  "When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the award is not reduced because [the] plaintiff did not prevail on every argument asserted." <u>Shrader v. OMC Alum. Boat Grp., Inc.</u>, 128 F.3d 1218, 1220 (8th Cir. 1997) (citing <u>Hensley</u>, 461 U.S. at 435).  However, when counsel's work on a successful claim is unrelated to the work on an unsuccessful claim, "no fee may be awarded for services on the unsuccessful claim."  <u>Hensley</u>, 461 U.S. at 435.  <u>See also</u> <u>Emery</u>, 272 F.3d at 1046 ("When a plaintiff has prevailed on some claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were 'distinct in all respects from his successful claims.'") (quoting <u>Hensley</u>, 461 U.S. at 440).  In reducing a request for attorney fees based on limited success, the court may "attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  <u>Hensley</u>, 461 U.S. at at 436-37.

---

[11] In her response in opposition to Plaintiff's motion for attorney fees, Defendant "agrees that the unsuccessful excessive force claim was related to Plaintiff's search claim."  [ECF No. 167 at 6] Accordingly, Defendant does not challenge Plaintiff's entitlement to compensation for counsel's work on the unsuccessful excessive force claim.

19

In her original complaint, Plaintiff alleged six counts against five defendants.  This Court resolved Plaintiff's three municipal liability claims by granting defendants summary judgment motion, and the Eighth Circuit held that summary judgment was appropriate on Plaintiff's excessive force and civil conspiracy claims.  As a result, all but one count and one defendant were dismissed prior to trial.

The Court recognizes that Plaintiff obtained significant relief at trial.  "A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes."  Fox, 563 U.S. at 834.  Additionally, some discovery relating to the failed claims, particularly with regard to the nature and extent of Plaintiff's injury, involved the same common core of facts.  See, e.g., Fletcher, 2016 WL 6069497, at *8.  However, the legal theories and evidentiary bases for the municipal liability and civil conspiracy claims are entirely unrelated to those for the unreasonable search claim.  See id.  The Court therefore finds that Plaintiff's successful reasonable search claim was not so intertwined with the unsuccessful municipal liability and civil conspiracy claims that all of Plaintiff's counsel's work must be compensable.

A 20 percent fee reduction based on Plaintiff's limited success is appropriate.  See, e.g., Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 771-71 (8th Cir. 2000) (affirming thirty percent reduction based on partial success).  A 20 percent reduction of the lodestar amount results in a fee award of $335,292.80 ($419,116.00 lodestar less 20% = $335,292.80)

E.  Enhancement

Plaintiff requests that the Court enhance the lodestar because "[t]his was complex civil rights litigation" and her counsel achieved excellent results.  [ECF No. 159 at 13-14]  Defendant counters that an enhancement is inappropriate because Plaintiff "has not established the rare and

exceptional circumstances necessary for such an enhancement."  [ECF No. 167 at 16]

"An upward adjustment to an attorney's lodestar hourly rate is permissible 'in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'"  Forshee v. Waterloo Indus., Inc., 178 F.3d 527, 532 (8th Cir. 1999) (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (internal quotations omitted).   The United States Supreme Court has recognized that an enhancement may be appropriate where:  (1) the method used to determine the hourly rate employed in the lodestar calculation "does not adequately measure the attorney's true market value"; (2) "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; or (3) there exist "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 556 (2010).   "The burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant."  Blum, 465 U.S. at 898.

Plaintiff failed to demonstrate rare and exceptional circumstances justifying a lodestar enhancement.  The Court recognizes that this case involved protracted litigation and Plaintiff's counsel obtained excellent results, which is "no small feat for a civil-rights plaintiff."  Ladd, 783 F.Supp.2d at 1096.  These factors, however, "are already reflected in the initial determination of the reasonable hourly rate and number of compensable hours."  Gilbert, 867 F.2d at 1067.  To the extent that any of the issues in this case were "complex," this factor was "fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment…."  Blum, 465 U.S. at 898.  The Court finds that the lodestar amount, as reduced above for partial success, adequately compensates Plaintiff's counsel and declines to award an enhancement or multiplier in this case.  See e.g., Forshee, 178 F.3d at 532; Miller, 402 F.Supp.3d at 597.

## IV.    Conclusion

For the foregoing reasons,

   **IT IS HEREBY ORDERED** that Plaintiff's motion for bill of costs [ECF No. 157] is **GRANTED**, and her "Motion for an Award of Reasonable Attorney's Fees, Litigation Costs, Expenses, and Interest" [ECF No. 158] is **GRANTED** in part and **DENIED** in part.  Defendant shall pay Plaintiff $335,292.80 in attorney fees and $6,254.14 in costs.

   **IT IS FINALLY ORDERED** that Plaintiff is entitled to recover post-judgment interest accruing at a rate of 1.21% from the date of the original judgment.


_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2020

22